**E-FILED on**     4/28/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE M. PALMER and SHARON HAMMER, On Behalf of Themselves and Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL R. STASSINOS,<br><br>    Defendant. | No. C-04-03026 RMW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING UCL CLAIMS FOR RESTITUTION AND DISGORGEMENT<br><br>**[Re Docket No. 40]** |
| SUSANNE M. PALMER, On Behalf of Herself and Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FAR WEST COLLECTION SERVICES, INC.,<br><br>    Defendant. | No. C-04-03027 RMW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING UCL CLAIMS FOR RESTITUTION AND DISGORGEMENT<br><br>**[Re Docket No. 39]** |
| SUSANNE M. PALMER, On Behalf of Herself and Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>I.C. SYSTEM, INC.; and B. BROWN.,<br><br>    Defendant. | No. C-04-03237 RMW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING UCL CLAIMS FOR RESTITUTION AND DISGORGEMENT<br><br>**[Re Docket No. 33]** |

Plaintiffs moved for reconsideration in related cases *Palmer v. Stassinos*, C-04-3026 RMW; *Palmer v. Far West Collection Services, Inc.*, C-04-3027 RMW; and *Palmer v. I.C. System, Inc.*, C-04-3237 RMW, of the court's December 14, 2004 order dismissing plaintiffs' representative claim for restitution and disgorgement of profits under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. The Ninth Circuit has espoused three grounds upon which a motion for reconsideration may be based: (1) an intervening change in controlling law; (2) the availability of new evidence; or, (3) the need to correct clear error or prevent manifest injustice. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

There has been an intervening change in controlling law, however, that change in law does not change the outcome of the court's analysis with regard to plaintiffs' lack of Article III standing. The passage of Proposition 64,[1] "amended the UCL by limiting standing to the Attorney General, certain local public prosecutors, and any person who 'has suffered injury in fact and has lost money or property'", *Frey v. Trans Union Corp.*, 127 Cal. App. 4th 986, 994 (2005) (citing § 17204), thereby eliminating "private attorney general" standing under the UCL. Because, as set forth in the court's order dismissing the disputed claims, neither plaintiff paid any of the requested fees, plaintiffs necessarily relied upon private attorney general standing to assert their representative claim for restitution and disgorgement of profits. It is clear this amendment to the UCL applies to pending cases. *Id.* at 998; *Benson v. Kwikset Corp.*, 126 Cal. App. 4th 887, 897-98 (2005) (amendments to the UCL enacted by approval of Proposition 64 applied to pending action on appeal); *Lytwyn v. Fry's Electronics, Inc.*, 126 Cal. App. 4th 1455, 1479-80 (2005) (same); *Bivens v. Corel Corp.*, 126 Cal. App. 4th 1392, 1404 (2005). Having suffered no injury in fact that would entitle them to restitution or disgorgement under the UCL, plaintiffs cannot by law obtain the relief they seek and thus have no standing.

As set forth above, it is even clearer that plaintiffs do not have standing to seek restitution or disgorgement under the UCL. Further, plaintiffs do not contend there is additional evidence and the

---

[1] Proposition 64 was approved by the voters on November 2, 2004 and became effective on November 3, 2004. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 125 Cal. App. 4th 1300, 1303 (2005).

1  court does not find reconsideration is required to "correct clear error" or "prevent manifest injustice." Thus,
2  plaintiffs' motion for reconsideration is DENIED.

5  DATED:     4/27/05                              /s/ Ronald M. Whyte
                                                   RONALD M. WHYTE
6                                                  United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |
| O. Randolph Bragg | rand@horwitzlaw.com |
| Paul Arons | lopa@rockisland.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Andrew Steinheimer | asteinheimer@mpbf.com |
| Mark Ellis | mellis@mpbf.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     4/28/05                                /s/ MAG
                                                **Chambers of Judge Whyte**