**\*E-FILED 5/18/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE PALMER, ET AL.,<br><br>    Plaintiffs,<br>  v.<br><br>PAUL R. STASSINOS, ET AL.,<br><br>    Defendants.<br>_____/ | NO. 5:04-cv-3026 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND DENYING MOTION FOR ATTORNEYS' FEES** |

## I. INTRODUCTION

Plaintiffs Susanne Palmer ("Palmer") and Sharon Hammer ("Hammer") (collectively, "plaintiffs"), move to compel defendant Paul Stassinos ("Stassinos") to provide further discovery responses and to produce documents, pursuant to Fed. R. Civ. Proc. 37(a). Plaintiffs also seek recovery of their attorneys' fees incurred in the filing of this motion. The motions were fully briefed and heard by the Court on May 11, 2005. Based on all papers filed to date, including plaintiffs' Supplemental Memorandum of Points and Authorities, as well as on the oral argument of counsel, the Court grants in part and denies in part the motion to compel, and denies the motion for fees, for the reasons set forth below.

## II. BACKGROUND

Stassinos, an attorney, operates a law office in Fair Oaks, California. He is also associated with Legal Recovery Services, Inc., ("LRS"), a collection business with about 36 employees in California, with

offices in Fair Oaks, Modesto, and Bakersfield. The exact relationship between Stassinos and LRS is unclear, although it appears that Stassinos files collection lawsuits after LRS exhausts ordinary collection efforts. See Supplemental Memorandum of Points and Authorities at pp. 2-3, lines 11-26. In December 2003, Palmer received a collection letter from Stassinos stating that Palmer owed $277.14 for a check that did not clear upon presentment, as well as "treble damages of $831.42, and 'interest' totaling $118.09." See Complaint at p. 3, lines 5-13. In December 2003, Palmer received another collection letter from Stassinos stating that Palmer owed $44.00, plus a $25.00 service charge and interest, for another check that did not clear upon presentment. In March 2004, Hammer received a collection letter from Stassinos stating that Hammer owed $22.25, as well as a $25.00 service charge, for a check that did not clear. Neither Palmer nor Hammer paid interest or any other requested fees to Stassinos.

Palmer and Hammer, on behalf of themselves and others similarly situated, allege that Stassinos violated the Fair Debt Collection Practices Act ("FDCPA") and the California Unfair Competition Law ("CUCL") by collecting undue fees and falsely representing the collection letters as being communications from an attorney with meaningful professional involvement in the creditor's account. Palmer and Hammer seek to enjoin Stassinos from continuing his allegedly unlawful and predatory collection practices and to require that he compensate the putative class members for injury resulting therefrom. The presiding judge denied standing with respect to Palmer and Hammer's claims on behalf of themselves, for restitution and disgorgement under the CUCL, but allowed standing with respect to Palmer and Hammer's claims, on behalf of themselves and others similarly situated, for injunctive relief under both the CUCL and the FDCPA. See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, filed On December 14, 2004, at p. 23, lines 12-14. As of the date of this order, however, plaintiffs have not filed a motion for class certification.

Palmer and Hammer now seek to compel Stassinos to provide further answers to Interrogatory Nos. 10, 11, 16, 17, 23 and 24, as well as to compel the further production of documents in response to Request Nos. 1-3, 12-15, 22, 23, 27-29, based on their contention that such discovery supports not only their own claims, but is necessary so that they can file a motion for class certification. In addition, Palmer and Hammer seek attorneys' fees pursuant to Fed. R. Civ. P. 37 incurred in bringing the instant motion.

2

### III. STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B). In addition, Federal Rule of Civil Procedure 37(a)(4) permits a court to award reasonable expenses incurred by a successful party when disclosure is granted, unless the court finds that the objection was substantially justified or that other circumstances make an award of expenses unjust.

The general criteria for class certification is set forth in Fed. R. Civ. Pro. 23(a), which provides in relevant part that: (1) the class must be so numerous as to make joinder of all members impracticable ("numerosity"); (2) questions of law or fact must be common to the class ("commonality"); (3) the claims or defenses of the representatives must be typical of the claims or defenses of the class ("typicality"); and, (4) the representative parties must be able to protect fairly and adequately the interests of the class ("adequacy"). "Whether or not discovery will be permitted in [a motion for class certification] lies within the sound discretion of the trial court." <u>Kamm v. California City Dev. Co.</u>, 509 F.2d 205, 210 (9th Cir. 1975). "In determining whether to grant discovery the court must consider its need, the time required, and the

probability of discovery resolving any factual issue necessary for the determination." Id.

## IV. DISCUSSION

### A. Discovery Relating Solely to Palmer and Hammer

Interrogatory No. 11 seeks a description of every communication between the plaintiffs and Stassinos and Document Request Nos. 2 and 3 seek the production of all agreements between Stassinos and the creditor on whose behalf he was attempting to collect money from Palmer and Hammer. See Arons' Declaration at Exh. 2, p. 4 and Exh. 3 at pp. 2-3. In response to the interrogatory, Stassinos states that he produced all written communications between plaintiffs and himself in response to Document Request No. 4. With respect to Document Request Nos. 2 and 3, Stassinos states that he will produce responsive documents pursuant to a protective order. Therefore, the motion to compel responses to Document Request Nos. 2 and 3 is granted, subject to entry of a stipulated protective order to be submitted to the Court by the parties within five (5) days from the date of this order. In addition, the motion to compel a further response to Interrogatory No. 11 is granted on the basis that, although Stassinos states that he provided copies of all written communications, the question asks for all "communications" and, therefore, is not limited solely to written material. Accordingly, to the extent that any communications occurred between plaintiffs and Stassinos which were not in writing, Stassinos shall provide a description of those communications as requested by the interrogatory. If there were no communications other than those previously identified to plaintiffs, Stassinos shall so state in a verified response, as required by Fed. R. Civ. Pro. 26.

\\\

\\\

### B. Interrogatories Relating to Putative Class Members

#### 1. Interrogatory No. 10

Plaintiffs request a description of defendants' policies and practices relating to the retention of data regarding checks written by class members. Although Stassinos raised several objections to this question, he stated that he is not aware of any data that has been purged within the four year period prior to the filing of plaintiffs' lawsuit. See Arons' Declaration, Exh. 2 at p. 4. Since such response does not fully answer the

4

1  interrogatory, however, as it calls for a description of defendants' policies and practices regarding the
2  purging of data, and because the objections raised by Stassinos otherwise lack merit, the motion to compel
3  a further response to Interrogatory No. 10 is granted.

4       2.    <u>Interrogatory Nos. 16 and 17</u>

5      These questions ask for each form letter sent by Stassinos to any class member and for the total
6  number of check writers with California addresses from whom Stassinos attempted to collect dishonored
7  checks since January 1, 2001, respectively.  <u>Id.</u> at p. 5.  Although Stassinos raised numerous objections to
8  both interrogatories, he responded that all form letters he used were attached as exhibits to plaintiffs'
9  complaint and that within one year prior to the filing of plaintiffs' lawsuit he had sent letters to approximately
10 25,000 check writers in California requesting the payment of interest on their returned checks.
11 Accordingly, Stassinos properly responded to these interrogatories and the motion to compel further
12 responses to these questions is denied.  Stassinos need not respond to plaintiffs' request for information on
13 dishonored checks back to January 1, 2001 in light of the one year statute of limitations applicable under
14 the FDCPA.

15      3.    <u>Interrogatory Nos. 23 and 24</u>

16     Interrogatory No. 23 asks for information regarding each class member, such as name, address,
17 and check amount, while Interrogatory No. 24 asks for the total number of class members, on an annual
18 basis for each year since 2000, from whom interest was sought.  <u>Id.</u> at p. 6.  Stassinos properly objects to
19 these questions as seeking specific information about the identity of class members which is not relevant at
20 this stage of the litigation.  Moreover, he notes that the requested information may be protected by
21 consumers' rights to privacy under the California Constitution.  <u>See</u> <u>e.g.</u>, <u>Pioneer Electronics, Inc. v. The</u>
22 <u>Superior Court of Los Angeles County</u>, 128 Cal.App.4th 246, 250 (2005).  In addition, in response to
23 Interrogatory No. 24, Stassinos stated that the appropriate number of check writers who were sent
24 requests for interest within one year prior to the filing of the lawsuit is 35,000. <u>Id.</u> at p.7, lines 7-9.  While
25 the Court is not bound by state privilege law in a federal question case, because the rationale in <u>Pioneer</u> is
26 persuasive and because the requested information has been provided with respect to the period within the
27 statute of limitations, the motion to compel further responses to Interrogatory Nos. 23 and 24 is denied.

### C. Document Requests Relating to Putative Class Members

#### 1. Document Request No. 1

Document Request No. 1 asks for an example of each form letter used by Stassinos in an attempt to collect dishonored checks from class members. Stassinos states that he will provide a sample of each letter sent to plaintiffs. See Response to Request For Production of Documents, Set Number One at p. 2, lines 13-15. Therefore, the motion to compel is granted and Stassinos shall provide such documents to Palmer and Hammer within ten (10) days of the date of this order.

#### 2. Document Request Nos. 12-15, 22, 28, and 29

Palmer and Hammer also seek production of documents relating to the identification of individual putative class members, class member accounts, identification of and agreements with creditors, defendants' net worth, policies with respect to credit reporting agencies, and insurance polices. See Arons' Declaration at Exh. 3, pp. 6-14. Although the information requested may ultimately be relevant to the merits of the case concerning the putative class, it does not appear that the documents are related to Palmer and Hammer's claims for injunctive relief under either the CUCL or the FDCPA.

Nevertheless, Palmer and Hammer argue that they are entitled to class information, such as the identity of class members, in order to meet class certification requirements pursuant to Fed. R. Civ. P. 23(a). They cite, among other cases, Babbitt v. Albertson's, Inc., 1992 U.S. Dist. LEXIS 19091 (D. Cal., 1992), in which a defendant was compelled to disclose the names and addresses of putative class members prior to class certification. In that case, the court held that the identity of putative class members would lead to additional, discoverable evidence relevant to the class certification issues, namely: evidence related to numerosity, commonality, or typicality. In the present case, however, based on the information which Stassinos has been ordered to provide to plaintiffs regarding the number of putative class members and typical sample letters sent to such members, it does not appear that the identities of putative class members are required to enable plaintiffs to file a motion for class certification. In addition, the discovery requests appear impermissibly broad in light of the previous ruling by the presiding judge that each party is limited to three depositions, ten interrogatories, one set of narrowly tailored production requests, and ten requests for admission. See Case Management Conference Order Filed On December 17, 2004. Moreover, as noted

6

1  above, consumers' rights to privacy may be implicated by these requests and plaintiffs have failed to

2  establish a need for the disclosure of putative class members' personal data at this juncture of the litigation.

3  Pioneer Electronics, Inc. v. The Superior Court of Los Angeles, 128 Cal.App.4th at 256.  For these

4  reasons, the motion to compel responses to Document Request Nos. 12-15, 22, 28, and 29 is denied.

        D.       Document Requests Regarding General Information

        1.       Document Request No. 23

Palmer and Hammer seek the production of all documents relating to any other actions against the defendants in which a party claimed that improper fees had been charged.  See Arons' Declaration, Exh. 3 at p. 10.  Although Stassinos raised various objections to this request, he ultimately stated that there were no responsive documents.  Id. at p. 11.  Therefore, the motion to compel a further response to this request is denied.

        2.       Document Request No. 27

Palmer and Hammer seek production of "all documents containing information about the policy or practice of defendants to report unpaid dishonored checks and/or additional charges to a national credit reporting agency."  Id. at p. 15.  Stassinos raises several objections to this request, including an objection based on his contention that the request exceeds the scope of the discovery authorized by the presiding judge in the case management order issued on December 17, 2004.  The Court disagrees with this characterization, however, since the requested information appears directly relevant to the plaintiffs' claim for injunctive relief.  Moreover, since the request calls only for the production of documents concerning defendants' policies or practices, no privacy or confidentiality concerns, as raised by Stassinos, are implicated. Accordingly, the motion to compel a response to Document Request No. 27 is granted and Stassinos shall produce all responsive documents to Palmer and Hammer within ten (10) days of the date of this order.

        E.       Motion for Attorneys' Fees

Palmer and Hammer seek recovery of the attorneys' fees they incurred in moving to compel further discovery, pursuant to Fed. R. Civ. Pro. 37(a)(4).  As noted herein, however, although Palmer and Hammer obtained some relief by this motion, Stassinos raised valid objections to most of plaintiffs'

7

discovery requests, making an award of expenses unjust in this instance. Therefore, the request for attorneys' fees is denied.[1]

## V. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Palmer and Hammer's motion to compel as set forth below:

1. The motion to compel further production of documents in response to Document Request Nos. 2 and 3 is granted, subject to entry of a protective order, which the parties shall submit to the Court within five (5) days of the date of this order. Stassinos shall then provide responsive documents to Palmer and Hammer within ten (10) days of the date of entry of the protective order.

2. The motion to compel further responses to Interrogatory Nos. 10 and 11 is granted. Stassinos shall provide such responses to Palmer and Hammer within ten (10) days of the date of this order.

3. The motion to compel responses to Interrogatory Nos. 16, 17, 23, and 24 is denied.

4. The motion to compel further production of documents in response to Document Request Nos. 1 and 27 is granted. Stassinos shall provide responsive documents to Palmer and Hammer within ten (10) days of the date of this order.

5. The motion to compel further responses to Document Request Nos. 12-15, 22, 23, 28, and 29 is denied.

6. Palmer and Hammer's request for attorneys' fees is denied.

IT IS SO ORDERED.

Dated: May 18, 2005         /s/ Richard Seeborg
                           RICHARD SEEBORG
                           United States Magistrate Judge

---

[1] Based on this ruling, it is unnecessary to address Stassinos' objections to plaintiffs' evidence submitted in support of the motion for sanctions.

8

9

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Paul Arons   lopa@rockisland.com

O. Randolph Bragg   rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman   jcoleman@mpbf.com, mellis@mpbf.com;lmiller@mpbf.com

Mark Ewell Ellis   mellis@mpbf.com, restrella@mpbf.com

Ronald Wilcox   ronaldwilcox@post.harvard.edu

**Dated: May 18, 2005**                                              **Chambers of Judge Richard Seeborg**

                                                                  **By:**   /s/ BAK

**United States District Court**
For the Northern District of California