**E-FILED on**   5/22/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE M. PALMER and SHARON HAMMER,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL R. STASSINOS,<br><br>Defendant. | No. C-04-03026 RMW<br><br>ORDER WITHDRAWING PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION |
| RICHARD CARRIZOSA and MARY PEA,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL STASSINOS; ALAN MECHAM; LEGAL RECOVERY SERVICES, INC.; LEGAL RECOVERY SERVICES OF CENTRAL CALIFORNIA, INC.; and CENTRAL VALLEY LEGAL RECOVERY SERVICES, INC.<br><br>Defendants. | No. C-05-02280 RMW<br><br>ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 52, 67, 71, 77, 78]** |

Defendants Legal Recovery Services of Central California, Inc. ("LRS-CC") and Central Valley Legal Recovery Services, Inc. ("CV-LRS") move for summary judgment on all claims

1  against them in Case No. 05-02280. For the reasons set forth below, the court grants summary
2  adjudication in favor of the moving defendants on some issues and otherwise grants the plaintiffs'
3  request for a continuance of the motion under Rule 56(f). The court also withdraws leave for
4  plaintiffs to file an amended complaint and sets a briefing schedule on class certification in Case
5  No. 04-03026.

## I. BACKGROUND

7  Plaintiffs Richard Carrizosa and Mary Pea filed Case No. 05-02280 against Paul Stassinos,
8  Legal Recovery Services, Inc. ("LRS"), LRS-CC, CV-LRS, and Alan Mecham for alleged
9  violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o,
10 and California's Unfair Business Practices Act ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.
11 Carrizosa and Pea received collection letters from LRS and Stassinos, upon which they base their
12 suit. The plaintiffs did not receive letters from CV-LRS or LRS-CC.
13 From the evidence presented, it appears that Stassinos, who is an attorney, has a close
14 relationship to LRS. His business address is the same as LRS's business address in Fair Oaks,
15 California, and he does legal work for LRS in the course of LRS's debt-collection business.
16 LRS-CC and CV-LRS are debt-collection agencies in Bakersfield and Modesto,
17 respectively. LRS-CC and CV-LRS appear to be franchises of, or have some relationship with,
18 LRS that also involves use of Stassinos as their lawyer for debt-collection matters. LRS-CC and
19 CV-LRS claim that there is nothing more to their relationship than this; the plaintiffs claim that
20 LRS-CC, CV-LRS, LRS, and Stassinos are actually one large business enterprise. LRS-CC's and
21 CV-LRS's motions for summary judgment turn largely on whether the plaintiffs have proven (or
22 could prove) that LRS-CC and CV-LRS are linked to Stassinos or LRS in such a way that LRS-
23 CC and CV-LRS may be vicariously liable for any violations of the FDCPA or the UCL arising
24 from the letters received by Carrizosa and Pea.
25 The plaintiffs offer evidence that they claim precludes a grant of summary judgment in
26 favor of LRS-CC and CV-LRS: Stassinos refers to LRS-CC and CV-LRS as his offices, Stassinos
27 Depo. 53:4-7, and the LRS-CC and CV-LRS answering machines recite that the caller has reached

United States District Court
For the Northern District of California

1  the "Law Office of Paul Stassinos," Arons Decl. ¶ 11.  Stassinos visits the LRS-CC and CV-LRS
2  offices once or twice a month.  Stassinos Depo. 55:11-18.  Collection letters from both LRS and
3  LRS-CC instruct recipients to make checks payable to the "Paul R. Stassinos Trust Account."
4  Arons Decl., Exs. 1-3.  It appears Stassinos pays employees in "the Modesto office" himself out of
5  this account.  Stassinos Depo. 198:7-15.[1]

6  Plaintiffs have proffered a pair of contracts, one between LRS and "Brenda Meadows
7  doing business as Legal Recovery Services-Central California," Arons Decl., Ex. 7 ¶ 1, and the
8  other between LRS and Cheryl Copeland, *id*., Ex. 8 ¶ A [1st].  The contract with Copeland
9  specifies that she will operate what appears to have formerly been a branch office of LRS as
10 "Central Valley Legal Recovery Services;" one of the terms of this agreement is for Copeland to
11 purchase LRS's Modesto office.  *Id*.  (The state of affairs between Meadows and LRS prior to their
12 contract is less clear.)  LRS-CC and CV-LRS follow procedures set by Stassinos.  *Id*., Ex. 4 at 4,
13 6, Ex. 5 at 3, 5-6.  LRS provides software support for LRS-CC and CV-LRS.  *Id*., Ex. 4 at 8, Ex. 7
14 ¶ 13.  LRS-CC and CV-LRS pay LRS a percentage of their monthly revenues.  *Id*., Ex. 7 ¶ 4, Ex. 8
15 Attach. A ¶ 1.  Under the contracts, LRS and Meadows have the right to inspect each other's
16 books, *id*., Ex. 7 ¶ 5, but LRS only has the right to inspect Copeland's books, *id*., Ex. 8 ¶ C.  The
17 contracts give exclusive rights to conduct collections in an area to each of the moving defendants:
18 CV-LRS has Toulumne, Stanislaus, Merced, and southern San Joaquin counties, *id*., Ex. 8 ¶ A
19 [2d], and LRS-CC has Santa Barbara, San Luis Obispo, Kern, Kings, Tulare, Inyo, Fresno, and
20 Madera, *id*., Ex. 7 ¶ 2.

**II. ANALYSIS**

**A. Summary judgment**

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the

---

[1] This section of Stassinos's deposition does not make it completely clear whether he was referring to "the Modesto office" or "the Bakersfield office" when answering a question, though it appears that Stassinos meant the Modesto office.

case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* A party moving for summary judgment who does not have the ultimate burden of persuasion at trial has the initial burden of producing evidence negating an essential element of the non-moving party's claims or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A court may grant a motion for summary judgment in part and narrow the issues remaining for trial. *See* Fed. R. Civ. P. 56(d).

### 1. Direct liability of moving defendants

Plaintiffs do not contest that the evidence is uncontradicted that neither LRS-CC nor CV-LRS had any involvement in sending collection letters to Carrizosa and Pea. Opp'n at 3. Summary adjudication that the moving defendants are not directly liable to the plaintiffs under the FDCPA or the UCL is therefore appropriate.

### 2. Vicarious liability of moving defendants

Plaintiffs present three theories under which they allege the moving defendants may be liable for Stassinos and LRS's alleged violations of the FDCPA and the UCL: the juridical links doctrine, conspiracy, and joint venture.

#### a. The juridical links doctrine

Plaintiffs claim the Ninth Circuit in *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (1973), created a "juridical links" doctrine that allows them to act as representative plaintiffs for unnamed plaintiffs who may have claims against CV-LRS and LRS-CC, even though Carrizosa and Pea themselves have no claim directly against those defendants. However, the juridical links doctrine is a gloss on Rule 23(a)'s requirements, not a relaxation of Article III's requirement of standing. *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 169-70 (D. Mass. 2004); *see also In re Activision Sec. Litig.*, 621 F. Supp. 415, 432 (N.D. Cal. 1985) (Patel, J.); *In re Itel Sec. Litig.*, 89 F.R.D. 104, 121-27 (N.D. Cal. 1981) (Aguilar, J.). No class has yet been certified in this action. In the context of these motions for summary judgment, therefore, the doctrine has no

1 applicability.[2] As this is purely a question of law, LRS-CC and CV-LRS are entitled to summary
2 adjudication that they are not liable to the plaintiffs under the juridical links doctrine.

### b. Conspiracy

As the parties apparently agree that California conspiracy law applies in this case, the court will assume that it does. In California, a plaintiff must prove three elements to show a civil conspiracy: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571 (1995). The plaintiffs have presented to date no evidence showing the existence of a conspiracy involving CV-LRS or LRS-CC, any act to further a conspiracy, or that plaintiffs' damages were caused by any conduct (wrongful or otherwise) on the part of CV-LRS or LRS-CC. Plaintiffs have thus not met their burden of proof on the issue of a conspiracy involving CV-LRS or LRS-CC.

### c. Joint venture

The parties have all argued that the California law of joint ventures applies in this case, and the court will assume that it does. "There are three basic elements of a joint venture: [1] the members must have joint control over the venture (even though they may delegate it), [2] they must share the profits of the undertaking, and [3] the members must each have an ownership interest in the enterprise." *Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86, 91 (2002). LRS-CC and CV-LRS have presented uncontroverted evidence that LRS and Stassinos have no ownership interest in LRS-CC and CV-LRS, and that Copeland and Meadows have no ownership interest in LRS. Meadows Decl. ¶ 6; Copeland Decl. ¶ 6. LRS-CC and CV-LRS also presented evidence that they received no share of any money collected by LRS or Stassinos from the

---

[2] Furthermore, plaintiffs have not shown that the defendants are bound together in such a way that "a single resolution of the dispute would be expeditious." *See Activision*, 621 F. Supp. at 432. The three corporate defendants and Stassinos also do not appear to stand on equal footing with each other, as was generally the case in *Activision* and *Itel*. *See Activision*, 621 F. Supp. at 432; *Itel*, 89 F.R.D. at 126.

ORDER WITHDRAWING PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION—No. C-04-03026 RMW
ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT—No. C-05-02280 RMW
JAH                                        5

1  plaintiffs. Meadows Decl. ¶ 5; Copeland Decl. ¶ 5. There is also no evidence that LRS-CC and
2  CV-LRS have any control over Stassinos or LRS.[3]

3  Considering the evidence presented and drawing all inferences in favor of plaintiffs, the
4  evidence could be read (barely) to support plaintiffs' theory of a joint business enterprise partly
5  owned and controlled by LRS-CC and CV-LRS. However, the uncontradicted evidence offered
6  by LRS-CC and CV-LRS establishes that they received no revenues from Carrizosa or Pea, and it
7  is insufficient that the defendants may share money taken in from other sources.[4] Plaintiffs have
8  no evidence of the second element, shared profits, and thus have not met their burden of producing
9  any evidence of an element for which they bear the ultimate burden of persuasion.

10  **3. Continuance under Rule 56(f)**

11  Given plaintiffs' pending motion to compel against LRS-CC, the court will grant plaintiffs'
12  request for a continuance under Rule 56(f) with certain restrictions. If the magistrate judge
13  assigned to this case grants plaintiffs' motion to compel, plaintiffs must set forth by affidavit—as
14  required by Rule 56(f)—what the plaintiffs reasonably hope to learn from the compelled
15  discovery. After CV-LRS gives to plaintiffs any discovery substantially the same as any
16  compelled by the magistrate judge against LRS-CC, those defendants may renotice their motions
17  for summary judgment. The court considers the briefing of legal issues essentially complete on
18  these motions and expects that only additional factual information (if any) will be brought to its
19  attention by the parties absent some special need.

---

[3] The defendants' contracts state that they are not joint venturers, Arons Decl., Ex. 7 ¶ 18, Ex. 8 ¶ H, and Copeland and Meadows state that they are not joint venturers with Stassinos, Meadows Decl. ¶ 5; Copeland Decl. ¶ 5, but such statements cannot be given much legal effect. However, "[t]he existence of a joint venture depends upon the intention of the parties," *580 Folsom Assocs. v. Prometheus Dev. Co.*, 223 Cal. App. 3d 1, 16 (1990), and these statements are evidence that the defendants did not intend to form a joint venture.

[4] California courts do not use the joint venture theory to impute all acts of all joint venturers to each other; rather, courts analyze whether the elements of a joint venture were present for discrete acts. *See Orosco v. Sun-Diamond Corp.*, 51 Cal. App. 4th 1659, 1666 (1997) (joint venture found as to marketing and sales but not production).

United States District Court
For the Northern District of California

### B. Plaintiffs' request regarding leave to file amended complaint

At the May 19, 2006 case management conference for, *inter alia*, Case No. 04-03026, plaintiffs stated that, despite this court's grant of their motion for leave to file an amended complaint in Case No. 04-03026, they now wished to proceed in that case under the original complaint. The defendants had no objection. The grant of leave to the plaintiffs to file their amended complaint is therefore withdrawn; Case No. 04-03026 will proceed under the original complaint against only Stassinos.

### C. Class definitions

Also at the May 19, 2006 case management conference, the court discussed proposed class definitions in Case No. 04-03026. Plaintiffs, if they wish to seek class certification, shall file by June 5, 2006 a motion for class certification not exceeding ten pages and including a new proposed class definition. Stassinos may file an opposition not exceeding ten pages within ten days of the filing of plaintiffs' motion. The matter will then be deemed submitted.

### III. ORDER

For the foregoing reasons, the court rules on CV-LRS's and LRS-CC's motions for summary judgment as follows:

1. LRS-CC and CV-LRS are not directly liable to plaintiffs for violations of either the FDCPA or the UCL;
2. the "juridical links" doctrine is inapplicable to CV-LRS's and LRS-CC's relationships to LRS and Stassinos;
3. plaintiffs' request for a continuance under Rule 56(f) is granted; and
4. the defendants may renotice their motion after any current discovery compelled by the magistrate judge has been given to the plaintiffs.

Palmer and Hammer's leave to file an amended complaint is withdrawn in Case No. 04-3026, and the parties are instructed to brief class certification following the directions above.

DATED:    5/22/06

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

ORDER WITHDRAWING PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION—No. C-04-03026 RMW
ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT—No. C-05-02280 RMW
JAH                                                          7

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Frederick William Schwinn | cand_cmecf@sjconsumerlaw.com |
| O. Randolph Bragg | rand@horwitzlaw.com |
| Paul Arons | lopa@rockisland.com |
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |

**Counsel for Defendants:**

| | |
|---|---|
| Mark Ewell Ellis | mellis@mpbf.com |
| June D. Coleman | jcoleman@mpbf.com |
| Christopher E. Terrill | cet@dossandterrilllaw.com |
| Thomas Mark Smith | msmith@clifford-brownlaw.com |
| Candace M. Pagliero | cpagliero@paglierolaw.com |
| James Raymond Pagliero | jpagliero@paglierolaw.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     5/22/06                /s/ JH
                                **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER WITHDRAWING PLAINTIFFS' LEAVE TO FILE FIRST AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE ON MOTION FOR CLASS CERTIFICATION—No. C-04-03026 RMW
ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT—No. C-05-02280 RMW
JAH                                                     8