**\*E-FILED 8/18/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE PALMER et al.,<br><br>    Plaintiffs,<br>v.<br><br>PAUL R. STASSINOS,<br><br>    Defendant.<br>_____/ | NO. C 04 03026 RMW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY** |

I. INTRODUCTION

Plaintiffs in this action contend that defendant Paul Stassinos, an attorney, violated the Fair Debt Collection Practices Act in connection with a business that collects on dishonored checks. At Stassinos's deposition, plaintiffs asked various questions about how Stassinos processes the checks during collection that he refused to answer on grounds of the work product doctrine or attorney-client privilege. Because work product protection is not absolute and Stassinos has selectively disclosed aspects of his procedures and mental processes, the motion to compel will be granted as to those questions not answered on the basis of work product doctrine. The motion will be denied with respect to the one question not answered on grounds of attorney-client privilege.

## II. DISCUSSION

A. <u>Work Product</u>

Claiming protection for work product, Stassinos refused to answer deposition questions about: (1) Why on some occasions he sought pre-judgment interest when requesting default judgments but on other occasions did not; (2) What he is looking for and considering when he reviews checks; (3) What personal involvement he had with respect to initiating collection on the named plaintiffs' checks; and (4) When during the collection process is a decision to sue made. Work product protection has never been absolute. As stated in the seminal *Hickman v. Taylor*, 329 U.S. 495 (1947) "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is *essential to the preparation* of one's case, discovery may properly be had." 329 U.S. at 511 (emphasis added). Furthermore, even though "opinion work product" like that in dispute here generally is "accorded great protection," it can be subject to discovery where the activities of the attorney "are directly in issue" in the case. *Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.3d 127 (M.D.N.C. 1989); see also *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 932 (N.D. Cal 1976) ("concern for a lawyer's privacy must give way when the advice of counsel is directly at issue.")

Here, Stassinos's potential liability turns, at least in part, on what he did and did not do with respect to reviewing the checks. His activities are "directly in issue," such that the interests served by word product protection must yield. Furthermore, as mentioned above, Stassinos has already selectively disclosed the work product in dispute, both to some degree at the deposition and to a larger extent in his declaration in opposition to this motion.

At the hearing, counsel for Stassinos complained that he was put to a "Hobbesian choice" because he could not establish that the work product information is irrelevant without disclosing as much as he did. That may be so, but it does not relieve Stassinos from the obligation now to answer the deposition questions in dispute. Plaintiffs are not required to accept the information as provided in the crafted form of a declaration, but have the right to test Stassinos's explanation of his activities at deposition. Accordingly, the motion to compel will be granted as to all of the questions not answered under a claim of work product protection.

B. <u>Attorney-Client Privilege</u>

Stassinos refused to disclose what he knows regarding certain communications between Legal Recovery Services, Inc. ("LRS") and LRS's clients, the merchants who utilize LRS and Stassinos to collect on unpaid checks. Stassinos contends that his knowledge regarding those communications arises solely out of the attorney-client relationship between him and LRS. Plaintiffs argue that the information is not privileged because Stassinos has a *business* relationship with LRS and matters discussed in furtherance of that business relationship are not privileged.

Although it may be true that not all communications between LRS and Stassinos fall within the scope of the attorney-client relationship between them, the particular question in dispute arose in connection with questions regarding how a decision to litigate is arrived at and communicated to the merchant. Even without deciding the disputed issue of whether or not there is an attorney-client relationship between Stassinos and the merchants, communications between LRS and Stassinos related to a decision to file suit do implicate potentially privileged matters. Furthermore, there is no apparent barrier to plaintiffs learning directly from LRS what it communicates to merchants. Not only is such evidence likely to be more reliable than any second-hand information known by Stassinos, it likely would not implicate any privilege issue. Under these circumstances, Stassinos will not be compelled at this time to answer the question as posed, and this element of the motion will be denied.

### III. CONCLUSION

The motion to compel further deposition testimony is granted with respect to questions not answered on grounds of work product protection and denied with respect to the question not answered under a claim of attorney-client privilege.

IT IS SO ORDERED.

Dated: August 18, 2006

RICHARD SEEBORG
United States Magistrate Judge

3

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Paul Arons    lopa@rockisland.com

3  O. Randolph Bragg    rand@horwitzlaw.com, shannon@horwitzlaw.com

4  June D. Coleman    jcoleman@mpbf.com, mellis@mpbf.com; fwilson@mpbf.com; npruitt@mpbf.com

5  Mark Ewell Ellis    mellis@mpbf.com, lmiller@mpbf.com; npruitt@mpbf.com

6  Ronald Wilcox    ronaldwilcox@post.harvard.edu

7

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

9

10 **Dated: 8/18/06**                              **Chambers of Judge Richard Seeborg**

11

12                                                **By:      /s/ BAK**

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY
C 04 03026 RMW (RS)

4