E-FILED on    9/14/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE M. PALMER and SHARON HAMMER,<br><br>       Plaintiffs,<br><br>   v.<br><br>PAUL R. STASSINOS,<br><br>       Defendant. | No. C-04-03026 RMW<br><br>ORDER DENYING PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION<br><br>**[Re Docket Nos. 153, 156]** |
| SUSANNE M. PALMER,<br><br>       Plaintiff,<br><br>   v.<br><br>FAR WEST COLLECTION SERVICES, INC.,<br><br>       Defendant. | No. C-04-03027 RMW<br><br>ORDER CONDITIONALLY GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION<br><br>**[Re Docket Nos. 128, 131]** |

    Plaintiffs move again for class certification in a pair of related cases, each based primarily on alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. For the reasons given below, the court denies the motions for class certification.

## I. BACKGROUND

    Suzanne Palmer and Sharon Hammer have both sued at least one debt collector. Palmer is a plaintiff in both actions, one against Stassinos (case no. C-04-03026 RMW), and the other against Far West Collection Services, Inc. (case no. C-04-03027 RMW). Hammer is a plaintiff only in the

ORDER DENYING PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03026 RMW, ORDER CONDITIONALLY GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03027 RMW
JAH

action against Stassinos. Palmer's remaining causes of action against Far West (and the statutes they are based upon) involve demanding excessive collection fees and interest (15 U.S.C. § 1692e(2)(A), e(5), f(1); Cal. Civ. Code § 1788.13) and making false or deceptive statements to collect a debt (15 U.S.C. § 1692e, e(5), e(10); Cal. Civ. Code § 1788.13(j)). Against Stassinos, the plaintiffs' remaining causes of action are all for alleged violations of the FDCPA: demanding excessive collection fees and interest (15 U.S.C. § 1692e(2)(A), f(1)), sending collection letters that falsely purported to be from an attorney (15 U.S.C. § 1692e(3)), sending collection letters without required disclosure (15 U.S.C. § 1692g), and using a name other than the true business name on a collection letter (15 U.S.C. § 1692e(14)).

The court previously granted in part Palmer and Hammer's motions for class certification, *Palmer v. Stassinos*, 233 F.R.D. 546 (N.D. Cal. Jan. 12, 2006) ("*Palmer I*"), but after further briefing withdrew that partial certification upon determining that plaintiffs had not shown they satisfied Rule 23(a)(3)'s typicality requirement for either action, *Palmer v. Stassinos*, 236 F.R.D. 460, 463 (N.D. Cal. May 18, 2006) ("*Palmer II*"). The court allowed plaintiffs leave to move again for class certification, but warned plaintiffs that they "must tailor their class definitions and should not expect additional leave if their next proposals are not well-defined." *Id*.

Palmer and Hammer have revised their proposed class definitions and move again for certification of a class in each case.[1] They propose the following class definition for the action against Stassinos:

> All persons to whom defendant caused to be mailed at least one collection letter since July 27, 2003 in an attempt to collect a dishonored check written in California for personal, family, or household purposes which included any of the following elements:
>
> (1) Letterhead including a reference to "Law Office" or the "Law Offices of Paul R. Stassinos." and/or a signature block that includes the phrase "Attorney at Law."
>
> (2) Letterhead and/or a signature block that identifies the original creditor, or anyone other than a defendant as the sender of the letter.

---

[1] Palmer and Hammer filed one motion addressing class certification in both cases. Its cover sheet misidentifies it as a declaration by Paul Arons and it appears docket no. 153 in C-04-03026 RMW and docket no. 128 in C-04-03027 RMW. It will be cited in this order as "Supp. Mem."

ORDER DENYING PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03026 RMW, ORDER CONDITIONALLY GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03027 RMW
JAH                                            2

    (3) A demand for interest on a dishonored check.

Supp. Mem. at 4-5 (footnote omitted). Plaintiffs also claim that "[b]ased on the evidence to date," only letters Stassinos "sent in the name of the original creditor" lack "the validation notice required by 15 U.S.C. § 1692g." Supp. Mem. at 5 n.7. Plaintiffs presumably intend the court to infer from this that they need not specifically address their claims for sending collection letters without required disclosure in their class definition. Palmer proposes the following class definition in the action against Far West:

> All persons to whom defendant caused to be mailed at least one collection letter since July 27, 2003 in an attempt to collect a dishonored check written in California for personal, family, or household purposes which included any of the following elements:
>
> (1) a demand for interest on a dishonored check; and/or,
>
> (2) a statement that failure to remit payment "may result in our using other remedies to collect your dishonored check."

Supp. Mem. at 3. While plaintiffs' latest motion purports to "incorporate the evidence and authorities" in their previous briefs on class certification, Supp. Mem. at 1 n.3, the court has previous found those filings insufficient to show class certification is appropriate and those filings addressed proposed class definitions different from the those currently under consideration.

## II.  ANALYSIS

  Class certification is a matter within the discretion of the district court, *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001), although the determination must be supported by sufficient factual findings, *Local Joint Executive Bd. Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001), and a proper understanding of the applicable law, *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001).

**A.  *Palmer v. Far West***

  Federal Rule of Civil Procedure 23(a) lists four conjunctive criteria that must be met to certify a class action: numerosity, commonality of issues, typicality of the representative plaintiffs' claims, and adequacy of representation. A class may only be certified if the court is "satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the*

1  *S.W. v. Falcon*, 457 U.S. 147, 161 (1982).  The plaintiff bears the burden of demonstrating the
2  requirements of Rule 23(a) are satisfied.  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (1992);
3  *see also Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)  ("[T]here must not only be
4  allegations relative to the matters mentioned in Rule 23 . . . but, in addition, there must be a
5  statement of basic facts.  Mere repetition of the language of the Rule is inadequate.").

6        Even though the court stated that its previous partial certification of class status was
7  withdrawn because the case had evolved, *see Palmer II*, 236 F.R.D. at 463, Palmer and Hammer
8  have not addressed Rule 23(a)'s numerosity, commonality, or adequacy of representation factors.
9  Defendant Far West, however, does not object to class certification on any of those grounds.  The
10 court will therefore assume that its prior findings that these three factors were satisfied in the action
11 against Far West remain valid.  *See Palmer I*, 233 F.R.D. at 549-51.

12       The court therefore turns to the last requirement of Rule 23(a), typicality.  The typicality
13 requirement serves to "assure that the interest of the named representative aligns with the interests of
14 the class."  *Hanon*, 976 F.2d at 508.  "Typicality refers to the nature of the claim or defense of the
15 class representative, and not to the specific facts from which it arose or the relief sought."  *Id*.  The
16 Ninth Circuit has noted that "the commonality and typicality requirements of Rule 23(a) tend to
17 merge."  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  The hurdle imposed by the
18 typicality requirement is not great.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (finding
19 typicality in proposed class with many named representatives because "the broad composition of the
20 representative parties vitiates any challenge founded on atypicality").

21       Although purporting not to, plaintiffs object to the court's previous suggestion that the class
22 definitions include the phrase "letters that are the same or similar to those sent to plaintiff."  Supp.
23 Mem at 3-4.  However, plaintiffs have previously emphasized that defendants' practices of using
24 computer-generated form letters justifies class certification.  Not limiting the class to people who
25 received letters similar to the ones Palmer received would potentially raise typicality problems.  For
26 example, Far West could have sent a potential class member a long letter written specifically to that
27 potential class member that meets Palmer's proposed definition but that is not otherwise similar to
28 the letters received by the Palmer.  The class definition should include only form, computer-

ORDER DENYING PLAINTIFFS' SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03026 RMW, ORDER
CONDITIONALLY GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION—C-04-03027 RMW
JAH    4

generated or otherwise mass-produced letters from Far West, not individually-tailored correspondence.

Far West also objects to the phrasing "check written in California" because Palmer, after filing this action, moved to Nevada. However, a post-filing change of residence is generally not considered relevant to a lawsuit. *See*, *e.g.*, *Gilbert v. David*, 235 U.S. 561, 569 (1915) (post-filing change of domicile irrelevant to whether diversity jurisdiction existed). The activities Palmer complains of all occurred within California; it is not relevant in this action that she now resides elsewhere. Additionally, the court notes that the evidence the parties have presented so far does not indicate that Far West operates outside of California, so choice of law does not appear to be an issue.

To certify a class under Rule 23(b)(3), a court must find that a class action would involve "questions of law or fact common to the members of the class" that "predominate over any questions affecting only individual members," as well as "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Palmer's showing under both the predominance and superiority prongs is marginally sufficient if the court alters her class definition for her. The nature of the computer-generated form letters and Palmer's legal claims based upon them, in this particular action, appear at this time to predominate over any individual issues that may affect class members. The court is aware that class members will recover at most a nominal amount, and that class treatment will benefit Palmer with a potential windfall of up to $1,000 and her attorneys with a chance at "a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(2)(A), (3). However, Congress specifically determined the amount of damages available in a class action under the FDCPA. 15 U.S.C. § 1692k(a)(2)(B). It is with some reluctance, therefore, that the court will certify the following class:

> All persons who received between July 27, 2003 and July 26, 2004 from defendant at least one form, computer-generated or otherwise mass-produced collection letter similar to those received by Palmer in an attempt to collect on a dishonored check written in California for personal, family, or household purposes which included either or both of the following elements:
>
> (1) a demand for interest on a dishonored check, or
>
> (2) a statement that failure to remit payment "may result in our using other remedies to collect your dishonored check."

**B.** *Palmer v. Stassinos*

Stassinos argues that "Plaintiffs have failed to prove numerosity as to the subclass (2) 'Letterhead and/or a signature block that identifies the original creditor, or anyone other than a defendant as the sender of the letter" and that the court therefore "should reject the second subclass." Stassinos Supp. Opp'n at 4. The court does not read plaintiffs' proposed definition as one containing subclasses; plaintiffs instead appear to desire to lump together into one class all persons who received letters containing at least one of three alleged violations. Stassinos does not otherwise object to certification on the grounds of numerosity, commonality, or adequacy of representation.

However, even assuming Palmer and Hammer could otherwise satisfy the prerequisites for class certification, the unusual situation of this case and another closely-related one prevent this action from being the superior vehicle for determination of any liability Stassinos may have to unnamed class members. Plaintiffs state that they "have not found any case where a court refused to certify a class, based on the speculation that another pending action, where the class had not been certified, might be a superior class action vehicle." Supp. Mem. 9. The court doubts there are many instances where different plaintiffs have filed such closely overlapping putative class actions using the same attorneys and then sought to proceed with both actions, so the absence of a case addressing the situation is not surprising. In *Carrizosa v. Stassinos*, pending in this court as case no. 05-02280, the plaintiffs allege that at least one of them paid defendants amounts to which defendants were not entitled, causing the plaintiffs actual damages. *See Carrizosa* Compl. ¶ 18. Questions about Palmer and Hammer's interest in[2] and ability to pursue actual damage claims prevent this action from being the superior vehicle for adjudicating the claims of the proposed class against Stassinos.

Plaintiffs fall short of demonstrating that this case meets the prerequisites for class certification, and their motion for class certification is therefore denied. Because the court has previously given plaintiffs several opportunities to correct their failed attempts, this denial is with prejudice to plaintiffs moving again for class certification in this case.

---

[2] Recovery of any actual damages will not directly benefit Palmer or Hammer, only their attorneys. The court will not impute the motives of their attorneys to the plaintiffs.

## III. ORDER

For the foregoing reasons, the court

1. denies plaintiffs' motions for class certification with prejudice in case no. C-04-03026, and

2. conditionally grants Palmer's motion for class certification in case no. C-04-03027.

DATED:     9/14/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Frederick William Schwinn | cand_cmecf@sjconsumerlaw.com |
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |
| O. Randolph Bragg | rand@horwitzlaw.com |
| Paul Arons | lopa@rockisland.com |

**Counsel for Defendants:**

| | |
|---|---|
| Andrew Steinheimer | asteinheimer@mpbf.com |
| Mark Ellis | mellis@mpbf.com |
| June D. Coleman | jcoleman@mpbf.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       9/14/06                                    /s/ JH
                                                     **Chambers of Judge Whyte**