*E-FILED 8/7/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSANNE PALMER et al., | NO. C 04 03026 RMW (RS) |
| Plaintiffs, | |
| v. | |
| PAUL R. STASSINOS, | |
| Defendant. | |
| | NO. C 05-2280 RMW (RS) |
| RICHARD L. CARRIZOSA, et al., | |
| Plaintiffs, | **ORDER GRANTING MONETARY SANCTIONS AND DENYING EVIDENTIARY SANCTIONS** |
| v. | |
| PAUL R. STASSINOS, et al., | |
| Defendants. | |

I.  INTRODUCTION

Plaintiffs in these related actions seek evidentiary and monetary sanctions for the alleged failure of defendant Paul Stassinos to comply with prior orders compelling him to respond to certain discovery. The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1. Because the record reflects what was, at a minimum, unacceptable inattention to compliance with court orders, monetary sanctions in the amount of $5000 will be imposed. Further sanctions, however, are not warranted on the present record.

1

## II. BACKGROUND[1]

Three prior Court Orders are pertinent to the present dispute:

### A. Order entered August 18, 2006 in Palmer

The Palmer plaintiffs moved to compel Stassinos to answer certain questions posed at his deposition that his counsel had refused to allow based on objections of attorney client privilege or work product protection. The Court ruled: "The motion to compel further deposition testimony is granted with respect to questions not answered on grounds of work product protection and denied with respect to the question not answered under a claim of attorney-client privilege." August 18, 2007 Order at 3:20-22. The Court set no particular time frame in which the deposition should resume.

Plaintiffs contend that Stassinos has refused to appear for further deposition. Stassinos asserts that no further deposition has ever been noticed, and that he merely has suggested that other depositions take place first.

### B. Order entered August 31, 2006 in Carrizosa

Plaintiffs sought, among other things, to compel Stassinos to respond further to Document Requests Nos. 11-13, which sought documents related to Stassinos's initial review of dishonored checks referred to him for collection. The Court ruled: "After this motion was filed, Stassinos served a supplemental response clarifying that no responsive documents exist. On reply, plaintiffs complain that the supplemental response is ambiguous as to whether Stassinos is limiting the response to the named plaintiffs.[¶] In light of the discussion above, <u>Stassinos shall serve a further response clarifying that no responsive documents exist with respect to *any* check-writers, not just the named plaintiffs.</u> If that is not the case, responsive documents related to other check-writers shall be produced." August 31, 2006 Order at 4:24-3:2 (emphasis added).

---

[1] The general background of these actions has been described in prior orders and will not be repeated here.

C. <u>Order entered April 3, 2007 in Carrizosa</u>

On April 3, 2007, the Court entered the last (until now) of a series of orders addressing a dispute between the parties regarding the extent to which Stassinos would be required to review his files and to explain the basis of any decision not to pursue collection actions against check-writers other than the named plaintiffs. Based in part on Stassinos's letter brief as to what he believed could reasonably be accomplished, the Court ruled that:

> within 15 days of the date of this order, plaintiffs shall specify referral dates sufficient to total *approximately* 100 files for Stassinos to review. Within 30 days thereafter, Stassinos shall serve amended discovery responses identifying in which, if any of those approximately 100 files, no collection letters were sent as a result of his personal review of the returned checks. For any files so identified, Stassinos shall provide a complete verified answer to plaintiff's Interrogatory No.11 and shall produce the "check information report" in response to plaintiff's Document Request No. 14. At his option, Stassinos may redact any personal identifying information of the check writers shown on any such check information reports. With respect to any and all of the approximately 100 files in which collection letters were not sent out for some reason *other* than a decision made by Stassinos based on his review of the checks, he may simply state in a verified interrogatory response "collection not pursued for other reasons," and he need not produce the check information reports.

April 3, 2007 Order at 3:18-4:2.

Stassinos admits that his responses under this order became due on May 10, 2007. Stassinos admits that he did not serve responses until June 18, 2007, two days after the present motions were filed.[2]

## III. DISCUSSION

A. <u>Stassinos's Deposition</u>

The Court's order issued on August 18, 2006, nearly one year ago, unambiguously required Stassinos to appear for further deposition. The Court declines to wade into the parties' disputes as to the scheduling of that deposition before or after other depositions, none of which were previously presented to the Court nor which were expressly addressed in prior rulings. Plaintiffs may be correct that they need not have formally noticed the deposition to recover sanctions, given Stassinos's lack

---

[2] Plaintiffs assert that even those responses were only "minimally compliant," and included "boilerplate" disclaimers and objections that have been rejected in prior court orders. Plaintiffs, however, represent that they will attempt to "clear up" any ambiguities in the responses through deposition, which appears to be the most efficient approach at this juncture.

3

1  of cooperation, but it is also true, at least technically, that Stassinos has not violated any express
2  provisions of a Court order with respect to appearing for deposition.
3  These circumstances, standing alone, would not warrant the imposition of sanctions.
4  Nevertheless, they can be considered, and have been considered,  as additional support for the
5  sanction award discussed below.  As to the deposition itself, the Court hereby orders that Stassinos
6  shall appear for further deposition in compliance with the order entered August 18, 2006, within 20
7  days of the date of this order or at such other time as the parties may agree is appropriate.

9  B. Further Responses  to Document Requests Nos. 11-13
10  To explain his failure to comply with the Court's August 31, 2006 Order, Stassinos asserts
11  that because he believed no responsive documents existed, no further response was necessary.  That
12  explanation rings hollow in light of the plain language of the order: "Stassinos shall serve a further
13  response *clarifying that no responsive documents exist* with respect to any check-writers, not just the
14  named plaintiffs." (Emphasis added).  Even without the "emphasis added," it was incumbent on
15  Stassinos's counsel to read and comply with the Court's order.   Stassinos shall serve amended
16  responses that comply with the August 31, 2006 Order within three court days of the date of this
17  order.

19  C. File Review
20  Stassinos argues that his failure to comply with his obligation under the April 3, 2007 order
21  until two days *after* these motions were filed resulted from the amount of work involved and other
22  obligations his counsel had to fulfill.  Stassinos suggests that he would have served responses in the
23  same time frame even if these motions had not been filed.
24  A party that serves responses *after* a motion to compel or a motion for sanctions has been
25  filed stands on the thinnest of ice to the extent that it wishes to argue that the motion was not a
26  necessary precursor to the responses being provided.   Even assuming, however, that these responses
27  would have been served on or about the same date had no motion been filed, Stassinos has not
28  established that his failure to comply with a court order should be disregarded.  The Court routinely

4

1 entertains applications for additional time based on contentions that either the scope of the work to
2 be done was not anticipated, that counsel has other commitments, or both. Similarly, requests for
3 extensions are often made and granted as part of a meet and confer process that is functioning as it
4 should between professional members of the bar.

5 What is *not* routine, or acceptable, is a party unilaterally granting itself an extension of time,
6 particularly in the face of an express court order. Absent exigent circumstances that preclude
7 seeking a stipulation from opposing counsel or relief from the Court, doing so exposes a party to
8 sanctions. Here, Stassinos has made no showing that he could not have sought an extension of time
9 from plaintiffs or the Court. Accordingly, imposition of some form of sanctions is warranted.

10     D. Sanctions

11 District courts may impose sanctions as part of their inherent power "for willful disobedience
12 of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (quoting *Alyeska Pipeline*
13 *Service Co. v. Wilderness Society*, 421 U.S. 420, 258 (1975)). Sanctions are also specifically
14 authorized under Rule 37 (b) (2) of the Federal Rules of Civil Procedure, which plaintiffs invoke
15 here. That Rule provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination . . . .
>
> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

26 When choosing among possible sanctions, the Court should consider a sanction designed to:
27 (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from
28 engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who

5

wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing. See *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *West v. Goodyear Tire and Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). In evaluating the propriety of sanctions, the Court may consider all incidents of prior misconduct, including prior misconduct that already has been subject to sanction. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).

   1. Evidentiary Sanctions

As reflected in the discussion above, the Court, (1) does not condone the conduct of Stassinos in connection with the scheduling of a further deposition; (2) does not understand the assertion that he reasonably believed no further response to Document Requests Nos. 11-13 was required, despite the clear language of the August 31, 2006 Order to the contrary; and, (3) does not accept the proposition that his failure to comply with the April 3, 2007 order until after these motions were filed should be overlooked.

Nevertheless, it does not appear that any of this conduct has deprived plaintiffs of the ability to discover relevant evidence or otherwise caused prejudice *other* than the expenses they incurred in bringing these motions. The responsive information has now been provided, or will be provided presuming Stassinos complies with *this* order. Accordingly, the present record does not support imposing evidentiary sanctions.

   2. Monetary Sanctions

Plaintiffs' motion for fees sought $3,560, representing 8.9 hours incurred in bringing the motion, at $400 per hour. On reply, plaintiffs assert a claim for a total of 27.3 hours ($10,920 at $400 per hour), excluding appearance at the hearing. The parties' briefing focuses on disputes as to whether $400 per hour is a "reasonable rate" for plaintiffs' counsel to claim in actions brought under the Fair Debt Collection Practices Act ("the FDCPA"). That discussion is largely misdirected, however, because unlike in most of the cases cited in the briefing, the question is not what plaintiffs' counsel might be entitled to as a "reasonable fee" after *prevailing on the merits* in an FDCPA action, but what "reasonable expenses, including attorney's fees," plaintiffs incurred as a result of Stassinos's discovery misconduct. F. Rule Civ. P. 37 (b) (2). The degree of complexity to FDCPA

6

1  actions and the skill required to prosecute them is only tangentially relevant, at best.  This was a
2  discovery dispute– the underlying subject matter of the litigation could have been almost anything.
3  Under all of the circumstances here, $5000 will be imposed as an appropriate monetary
4  sanction, payable by Stassinos to plaintiffs within 30 days of the date of this order.   That amount
5  represents a sum sufficiently large to penalize and deter the sanctioned conduct and to reimburse
6  plaintiffs for some portion of their expenses incurred in bringing this motion, without giving
7  plaintiffs a windfall or creating undue financial hardship to Stassinos.[3]

## IV.  CONCLUSION

The motion for monetary sanctions is granted, in the amount of $5000, payable by Stassinos to plaintiffs within 30 days of the date of this order.  The motion for evidentiary sanctions is denied. Stassinos shall comply with the other provisions of this order set forth above.

IT IS SO ORDERED.

Dated: August 6, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[3] In the event plaintiffs prevail in this action and are in a position to seek recovery of their attorney fees, this order should not be construed as a finding either that counsel's claimed hourly rate of $400 is not reasonable or that counsel has expended more time than is appropriate.  Rather, this ruling is limited to a finding that on the particular facts of *this* discovery dispute, the amount awarded is an appropriate sanction.

ORDER GRANTING MONETARY SANCTIONS AND DENYING EVIDENTIARY SANCTIONS
C 04 03026 RMW (RS)
7

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Paul Arons     lopa@rockisland.com

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

June D. Coleman     jcoleman@ecplslaw.com, ckenobbie@ecplslaw.com

Mark Ewell Ellis     mellis@ecplslaw.com, npruitt@ecplslaw.com, restrella@ecplslaw.com

Ronald Wilcox     ronaldwilcox@post.harvard.edu

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/7/07**               **Chambers of Judge Richard Seeborg**

**By:     /s/ BAK**

**United States District Court**
For the Northern District of California

ORDER GRANTING MONETARY SANCTIONS AND DENYING EVIDENTIARY SANCTIONS
C 04 03026 RMW (RS)

8